Rayminh L. Ngo, NDNY# 519997
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*
ROBERT MILLER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MILLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HAREDIM CONSULTING, INC.; and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01474(GTS/DJS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Robert Miller ("Plaintiff"), respectfully moves the Court to enter judgment by default against Defendant Haredim Consulting, Inc. ("Defendant"). This Motion is based on the following points and authorities, and Declaration of Rayminh L. Ngo, attached hereto.

**POINTS AND AUTHORITIES**

**I.     STATEMENT OF FACTS**

Plaintiff filed a complaint against Defendant on November 26, 2019.

Plaintiff's complaint alleges that Defendant is liable for copyright infringement of

a timely registered image ("Image") and removal of Copyright Management Information ("CMI"), allowing Plaintiff to recover statutory damages and injunctive relief against the Defendant. Defendant was served with the summons, complaint and supplemental documents on December 18, 2019, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. *See* ECF #6.

Defendant has failed to appear or otherwise defend in this action within the twenty-one (21) days permitted for an answer or other responsive pleading pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, and has made no appearance as of the present day. *See* Declaration of Rayminh L. Ngo attached hereto. Defendant is not an infant or incompetent person. *Id.* On January 16, 2020, the Clerk of this Court entered Defendant's default. *See* ECF #8.

## II.     ARGUMENT

### *Default Judgment*

Rule 55(b) of the Federal Rules of Civil Procedure requires Plaintiff to make this application to the Court for default judgment. USCS Fed Rules Civ Proc R 55(b). Default judgment is appropriate where 1) a defendant, properly served with the summons and complaint fails to appear or otherwise defend within the time permitted by law; 2) the moving party has established the fact of such failure by affidavit or declaration; 3) the defendant is not an infant or incompetent person; and 4) a default has been entered against the defendant. USCS Fed Rules Civ Proc R 55(a).

Plaintiff has proven each of these conditions as represented in the accompanying Declaration of Rayminh L. Ngo, Defendant was properly served with the summons, complaint, and supplemental documents on December 18, 2019, and failed to appear or otherwise defend in this action within the twenty-one (21) days permitted for Defendant's answer or other responsive pleading. Defendant is not an incompetent or minor. The Clerk of this Court, accordingly, has entered Defendant's default on January 16, 2020. *See* ECF #8; *and see* Dec. of Rayminh L. Ngo attached hereto.

The Court is given discretion in its decision as to whether or not to enter a default judgment. The court may enter the judgment both when a "defendant failed to file a timely answer," and when a "defendant has failed to…'otherwise' defend.'" *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61,64 (2d Cir. 1986). Here, the Defendant has not only failed to file a timely answer, but has also failed to otherwise defend. Defendant's clearly intentional avoidance of Plaintiff's counsel coupled with its movement to a new domain server under a new domain name, indicate it has no intention to defend the allegations. *See* ECF #1.

The Court's entry of judgment by default is proper in this case.

### ***Effect of Default Judgment***

When a default is properly entered against the Defendant, the factual allegations pleaded in the Complaint are deemed admitted by the Defendant. *Thomson v. Wooster*, 114 U.S. 104 (1885). On January 16, 2020, the Clerk of this Court entered a default against Defendant Haredim Consulting, Inc. The result of

which is Defendant's admission to the voracity of the "well-pleaded allegations" alleged in the complaint. *Id.*; *See also* ECF #8.

### Copyright Infringement

"To prevail on a claim of copyright infringement, the Plaintiff must demonstrate both ownership of a valid copyright and infringement of the copyright by the Defendant." *Yurman Design, Inc. v. PAJ. Inc.*, 262 F.3d 101, 108-109 (2d Cir. 2001). The Image was registered with the U.S. Copyright Office under certificate VA 2-083-407, listing Plaintiff Robert Miller as the owner of said copyright. Where an original work of authorship is registered with the U.S. Copyright Office there is a statutory presumption that the copyright is valid. *Id.* at 109. Plaintiff's copyright is therefore presumptively valid and no evidence was presented by the Defendant to rebut the presumption.

17 USC § 501 provides that "anyone who violates any of the exclusive rights of the copyright owner…is an infringer of the copyright." 17 USCS § 501(a). Rights granted exclusively to the owner of the copyright, set out in 17 USC § 106, include the right to reproduce and distribute the copyrighted work as well as to authorize others to do so. 17 USCS § 106. Defendant Haredim Consulting, Inc. violated the rights of reproduction and distribution granted exclusively to Plaintiff Robert Miller as the owner of the Copyright. Defendant reproduced the Image when it downloaded the original photo from the New York Post Website without Miller's authorization. Defendant further infringed upon Miller's copyright by uploading the Image to Defendant's Website, which resulted

in its unauthorized distribution to the Public. Defendant violated 17 USC § 501 and is liable for copyright infringement.

### *DMCA Violation*

The Digital Millenium Copyright Act ("DMCA") prohibits the intentional removal and alteration of Copyright Management Information ("CMI"), "knowing or having grounds to know, that it will…conceal an infringement of any right." 17 USCS § 1202. CMI has been construed to include captions placed beside the image which provide attribution to the author and rightful copyright owner. *Agence France Presse v. Morel*, 2010 U.S. Dist. LEXIS 139103 (S.D.N.Y. Dec. 23, 2010).

The original Image was captioned with a photo credit to Plaintiff Robert Miller on its bottom left-hand side. *See* ECF #1, Ex. E. The Defendant's infringing use of the Image on its Website gave no attribution to Plaintiff. *See* ECF #1, Ex. A. Defendant's removal of the CMI gave it reasonable grounds to know that its infringement would be concealed. With the removal of the CMI, visitors to Defendant's Website would not know the Image was unauthorized for use and that Plaintiff was the true owner of the Image. Defendant's exclusion of attribution to the Plaintiff resulted in a violation of the DMCA.

### III.  DAMAGES

Plaintiff has elected to recover statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c)(3).  "[a] Plaintiff may elect statutory damages

in its unauthorized distribution to the Public. Defendant violated 17 USC § 501 and is liable for copyright infringement.

### *DMCA Violation*

The Digital Millenium Copyright Act ("DMCA") prohibits the intentional removal and alteration of Copyright Management Information ("CMI"), "knowing or having grounds to know, that it will…conceal an infringement of any right." 17 USCS § 1202. CMI has been construed to include captions placed beside the image which provide attribution to the author and rightful copyright owner. *Agence France Presse v. Morel*, 2010 U.S. Dist. LEXIS 139103 (S.D.N.Y. Dec. 23, 2010).

The original Image was captioned with a photo credit to Plaintiff Robert Miller on its bottom left-hand side. *See* ECF #1, Ex. E. The Defendant's infringing use of the Image on its Website gave no attribution to Plaintiff. *See* ECF #1, Ex. A. Defendant's removal of the CMI gave it reasonable grounds to know that its infringement would be concealed. With the removal of the CMI, visitors to Defendant's Website would not know the Image was unauthorized for use and that Plaintiff was the true owner of the Image. Defendant's exclusion of attribution to the Plaintiff resulted in a violation of the DMCA.

### III.  DAMAGES

Plaintiff has elected to recover statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c)(3).  "[a] Plaintiff may elect statutory damages

'regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1114 (2d Cir. 1986). Where the amount of damages is not easily calculated or ascertainable, and the Plaintiff has elected statutory damages in lieu of actual damages, "The district court has 'wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Id.* at 116.

Where Defendant's infringement has been found to be willful, Plaintiff is entitled to an expanded statutory maximum of up to $150,000 per act of infringement. *See* 17 U.S.C. § 504(c). The result of the default entered against the Defendant is such that the Defendant, "concedes the truth of the well-pleaded allegations in the complaint as to him." *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971). Defendant's acts of infringement in this case are thus deemed to be admitted as willful pursuant to allegations pleaded in the complaint. *See* ECF #1.

Plaintiff further elected to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3). As a result of the default entered against Defendant in this case, Defendant is deemed to have admitted willful removal of copyright management information from the Image, entitling Plaintiff to additional damages of not more than $25,000 and not less than $2,500 per violation of §1203(c)(3). *See* Decl. of Rayminh L. Ngo attached hereto.

## IV. COSTS AND ATTORNEY'S FEES

Plaintiff seeks to recover actual costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. As with electable statutory damages, the Court is given discretion in its decision to award a prevailing Plaintiff recovery of reasonable attorney's fees. 17 U.S.C. § 116. The full amount of litigation costs, however, is a mandatory award to the prevailing party. *Id.*

In determining an award of reasonable attorney's fees the Second Circuit looks to the *Arbor Hill* approach. The "district court is to calculate a 'presumptively reasonable fee' by determining the appropriate billable hours expended and 'setting a reasonable hourly rate, taking into account of all case-specific variables.'" *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. N.Y., 2007). *See* Decl. of Rayminh L. Ngo attached hereto.

## V. PERMANENT INJUNCTIVE RELIEF

Plaintiff seeks permanent injunctive relief under 17 U.S.C. § 502(a), which states, in pertinent part, "any court having jurisdiction…may …grant temporary and final injunctions on such terms as it may deem reasonable to prevent o restrain infringement of a copyright." 17 U.S.C. § 502(a). A permanent injunction is appropriate where infringement has been proven and a threat of continuing infringement exists. *Emi April Music, Inc. v. Rodriguez,* 691 F.Supp.2d 632, 635 (M.D.N.C. 2010).

The Court considers four factors when determining propriety in the granting of a permanent injunction. The factors include whether the Plaintiff has shown: 1) it has suffered an irreparable injury; 2) that remedies available at law…are inadequate to compensate for that injury; 3) that, considering the balancing of hardships between plaintiff and defendant, a remedy in equity is warranted; and 4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

In *Emi April Music v. Rodriguez*, a copyright infringement case in which a permanent injunction was issued upon entry of default judgment, the four factors were satisfied as a result of the default. The Court reasoned that "Defendant['s] failure to appear in this litigation demonstrates their refusal to acknowledge their legal obligations, makes the threat of continued infringement likely, and underscores the ineffectiveness of a remedy at law." *Emi v. April Music v. Rodriguez*, at 635. Similarly, the Defendant in this case has failed to appear in court, willfully dodged Plaintiff's counsel by avoiding phone calls and ending them abruptly, and changed domain names in an effort to hide its infringing activity. This indicates the Defendant's refusal to acknowledge their legal obligations and that, absent the issuance of a permanent injunction, the Defendant will continue its infringing activity.

The issuance of a permanent injunction, restraining the Defendant from further infringing use of the Image is proper in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court enter judgment by default against Defendant Haredim Consulting, Inc. A proposed order, granting both the default judgment and the relief prayed for herein, is attached hereto.

DATED: February 17, 2020                    Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
NDNY# 519997
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*