Rayminh L. Ngo, NDNY# 519997
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*
ROBERT MILLER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MILLER,<br><br>                      Plaintiff,<br><br>v.<br><br>HAREDIM CONSULTING, INC.; and DOES 1 through 10 inclusive,<br><br>                      Defendants. | Case No. 1:19-cv-01474(GTS/DJS)<br><br>**DECLARATION OF RAYMINH L. NGO IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

### DECLARATION OF RAYMINH L. NGO

I, Rayminh L. Ngo, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and the United States District Court for the Northern District of New York. I am the attorney for Plaintiff Robert Miller in the above captioned action, and in my capacity as *of-counsel* Higbee & Associates.

2. I make this Declaration in support of Plaintiff's Motion for Default Judgment against Defendant Haredim Consulting, Inc.. I have knowledge of the following facts, and, if called as a witness, I could and would testify as follows:

3. On or about April 23, 2018, Plaintiff discovered that Defendant was using Plaintiff's image of Renata Shamrakova ( the "Image") in an article titled *Renata Shamrakova Accused of Swindling $1M* (the "Infringing Article") on Defendant's Website http://privateinvestigations.blogspot.com/ ("Website").

4. The Image used in the Infringing Article on Defendant's Website provided no attribution to Plaintiff.

5. After a brief investigation, Plaintiff concluded that Defendant had never purchased a license for the Image. Nor did Plaintiff ever provide Defendant with consent or authorization, in any form, whether implied or express, to use the Image in any capacity.

6. On or about April 26, 2018, Higbee & Associates sent a cease and desist letter to Defendant's address in Albany, New York requesting that Defendant remove the Image.

7. Defendant did not respond, nor did it remove the Image from its Website.

8. On or about May 2 and May 8, 2018, Higbee & Associates emailed follow-up correspondence to the Defendant. Defendant again did not respond, nor did it remove the Image from its Website.

9. On multiple occasions, Higbee & Associates attempted to contact Defendant via e-mail, phone, and traditional mail. Defendant still did not respond, nor did it remove the Image.

10. On or about June 13, 2018, Higbee & Associates managed to make contact with Defendant by telephone who then indicated he had no intention of participating in litigation or settlement negotiations. Defendant then abruptly ended the phone call.

11. Higbee & Associates has since then attempted further follow-up with Defendant to no avail.

12. On November 26, 2019, Plaintiff filed the Complaint in this matter. *See* ECF #1.

13. The Summons, Complaint, and Civil Case Coversheet were served on Defendant on December 18, 2019, and the proof of service was filed on January 14, 2020. *See* ECF #6.

14. After Defendant was served, Higbee & Associates has made further attempts to contact Defendant, but no correspondence has been answered.

15. Defendant failed to respond or otherwise defend this case, and on January 16, 2020 the Clerk of this Court issued a certificate of Default. *See* ECF # 8.

16. I am informed and believe that Defendant is not an infant or incompetent person, is not in military service, and was properly served under Rule 4 of the Federal Rules of Civil Procedure, the proof of service having been

previously filed with the Court.

17. I request that the Court award statutory damages in the amount of $16,000, which represents approximately five times the licensing fee for online use of the Plaintiff's photographs plus $7,500 for violation of the Digital Millennium Copyright Act ("DMCA").

18. I charge my clients $350 per hour for my services and $125 per hour for paralegal assistance. Approximately 4.5 hours of my time and 2 hours of paralegal time have been incurred in the prosecution of this action, for a total of $1,825. The four hours represent: one hour drafting the Complaint, half an hour for the entry of default, and three hours for drafting of this Motion for Default Judgment. Additionally, our client has incurred $520 in litigation costs which represents $400 for filing and $120 for service of process.

19. Notice of this Default Motion was mailed to Defendant's registered agent as indicated on the attached proof of service.

///

///

///

///

///

///

///

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this February 17, 2020, at Santa Ana, California,

        **/s/ Rayminh L. Ngo**
        Rayminh L. Ngo, Esq.
        NDNY# 519997
        **HIGBEE & ASSOCIATES**
        1504 Brookhollow Dr., Ste 112
        Santa Ana, CA 92705-5418
        (714) 617-8350
        (714) 597-6729 facsimile
        *Counsel for Plaintiff*