UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT MILLER,

                        Plaintiff,

v.                                                    1:19-CV-1474
                                                    (GTS/DJS)
HAREDIM CONSULTING, INC.; and DOES 1-10,

                        Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

NGO LAW PRACTICE                        RAYMINH L. NGO, ESQ.
  Counsel for Plaintiff
715 East 3900 South, Suite 209
Salt Lake City, UT 84107

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this copyright infringement action filed by Robert Miller ("Plaintiff") against Haredim Consulting, Inc. and Does 1-10 ("Defendants"), are the following motions: (1) Plaintiff's motion for attorneys' fees; and (2) Plaintiff's motion to amend or correct his motion for attorneys' fees. (Dkt. Nos. 16, 17.) For the reasons set forth below, Plaintiff's motions are granted.

**I.     RELEVANT BACKGROUND**

      **A.     Decision and Order of August 26, 2020**

In its Decision and Order of August 26, 2020, the Court granted Plaintiff's motion for default judgment on his claims, finding that he had established both liability and entitlement to damages on those claims. However, the Court denied without prejudice Plaintiff's request for attorneys' fees due to his failure to submit contemporaneous time records or other sufficient evidence to substantiate the

1

amount of fees sought.  (Dkt. No. 13 [Decision and Order filed Aug. 26, 2020].)  The Court ordered Plaintiff to submit further supporting evidence related to his request for attorneys' fee within fourteen days of the Court's Decision and Order.  (*Id.*)

### B. Plaintiff's Motions[1]

In his current motion, Plaintiff seeks a total of $1,755.00 in attorneys' fees related to 4.5 hours of work performed by Attorney Ngo, 2 hours of work performed by paralegals, and an additional 0.75 hours of work performed preparing the current motion for attorneys' fees, all at the rates determined by the Court in the Decision and Order of August 26, 2020 (i.e., $300 per hour for attorney time and $90 per hour for paralegal time).  (Dkt. No. 16, Attach. 1 [Ngo Suppl. Decl.]; Dkt. No. 17, Attach. 2 [Am. Ngo Suppl. Decl.].)  Attorney Ngo indicated in his declaration that he is licensed to practice in federal and state courts in Utah and New York (where he has been licensed since May 2008, and January 2010, respectively), and that he has served as the principal counsel in dozens of federal copyright actions in New York since 2016.  (*Id.*)  Attorney Ngo also attached contemporaneous time records related to the work performed on this case with his motions.  (Dkt. No. 16, Attach. 1, at 5-6; Dkt. No. 17, Attach. 2, at 5-6.)

## II. GOVERNING LEGAL STANDARDS

Pursuant to Section 505 of the Copyright Act, a district court may "in its discretion . . . award a reasonable attorneys' fee to the prevailing party" of a copyright suit.  17 U.S.C. § 505. When considering whether attorneys' fees are appropriate, a district court may consider, among others, the

---

[1] The Court notes that Plaintiff's motion for attorney's fees and motion to amend are essentially the same in all material respects; the only difference between the two is that, in his motion to amend, Plaintiff corrected his initial statement that he has been principal counsel in federal copyright actions since 2006 to that he has been involved in such cases since 2016. (*Compare* Dkt. No. 16, Attach. 1 *with* Dkt. No. 17, Attach. 2.)

following factors: "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); *Broadcast Music, Inc. v. Haibo, Inc.*, 10-CV-0240, 2012 WL 1377395, at * 1 (W.D.N.Y. Apr. 19, 2012). While any of these factors may be used "so long as [they] are faithful to the purpose of the Copyright Act, the Second Circuit has specifically noted that the objective reasonableness factor should be given substantial weight in determining whether to award attorneys' fees." *Haibo, Inc.*, 2012 WL 1377395, at *1 (internal citations omitted).

Traditionally, courts have determined a "reasonable attorneys' fee" by calculating the lodestar– the product of the number of hours required by the matter and a reasonable hourly rate. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 [2010]; *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 [2d Cir. 2008]). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson*, 652 F.3d at 289-290 (internal quotation marks omitted).[1] The court must refer to "the prevailing

---

[1] In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

[market rates] in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)).  A determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko*, 433 F.3d at 209.

The reasonable amount of time spent on a matter is dependent in part on the degree of difficulty of the factual and legal issues involved. *Hofler v. Family of Woodstock, Inc.*, 07-CV-1055, 2012 WL 527668, at *5 (N.D.N.Y. Feb. 17, 2012).  Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable. *Hofler*, 2012 WL 527668, at *5 (citing *Hensley*, 461 U.S. at 434).  In considering the number of reasonably expended hours, the court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Hensley*, 461 U.S. at 434; *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 [2d Cir. 1983]).  The court should also consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

---

professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 [5th Cir. 1974]).

4

Finally, it is important to note that the fee applicant bears the burden of documenting the hours reasonably expended and the reasonable hourly rates. *Hensley*, 461 U.S. at 437. To demonstrate that a fee request is reasonable, "a party seeking an attorney's fees award 'must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.'" *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 06-CV-0617, 2007 WL 841804, at *6 (E.D.N.Y. Jan. 16, 2007) (quoting *Cablevision Sys. New York City Corp. v. Diaz*, 01-CV-4340, 2002 WL 31045855, at *5 [S.D.N.Y. July 10, 2002]).

**III.   ANALYSIS**

After careful consideration, the Court grants Plaintiff's motions for the reasons stated in his declarations. (Dkt. No. 16, Attach. 1; Dkt. No. 17, Attach. 2.) To those reasons, the Court adds the following analysis.

Plaintiff has remedied the deficiencies in his request for attorneys' fees that the Court identified in its previous Decision and Order. Most notably, Plaintiff has provided detailed contemporaneous time records for all the time expended on this case, including the time preparing the Complaint, serving process, and filing the motion for default judgment. (Dkt. No. 16, Attach. 1, at 5-6; Dkt. No. 17, Attach. 2, at 5-6.) Indeed, these records substantiate the 4.5 hours claimed by Attorney Ngo (and the additional 0.75 hours requested for preparing this supplemental motion for attorneys' fees) and include both dates and details related to the substance of this work. Although it is unclear which entries in the contemporaneous time records Plaintiff is claiming related the requested two hours of paralegal time, the records show that Diana Ramirez performed 2.5 hours of paralegal-type tasks; thus, because Plaintiff has established at least two hours of paralegal time that would be compensable, the Court finds it appropriate to grant the requested amount. The Court therefore grants Plaintiff's request for $1,755.00 in attorneys' fees (5.25 hours at a rate of $300 per hour, and 2 hours at a rate of $90 per hour).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motions (Dkt. Nos. 16, 17) are **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff is awarded attorneys' fees in the amount of **ONE THOUSAND, SEVEN HUNDRED AND FIFTY-FIVE DOLLARS ($1,755.00)**.

Dated: December 7, 2020
      Syracuse, NY

_____
Glenn T. Suddaby
Chief U.S. District Judge